IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES EDWARD CARROLL, JR, | § | CASE NO. 25-40963-ELM-7 |
| | § | |
| Debtor. | § | |
| _____ | § | |
| | § | |
| | § | |
| BEHROOZ P. VIDA, TRUSTEE, | § | |
|     Plaintiff, | § | |
| | § | ADVERSARY NO. 25-04090-ELM |
| V. | § | |
| | § | |
| TOMEKA LASHAWN QUICK, | § | |
|     Defendant. | § | |

## **REQUEST FOR CLERK'S ENTRY OF DEFAULT**

Behrooz P. Vida (the "**Trustee**"), the Chapter 7 Trustee for the bankruptcy estate of Charles Edward Carroll, Jr. (the "**Debtor**"), respectfully submits this *Request for Clerk's Entry of Default* and would respectfully show the Court as follows:

1.    The Trustee commenced this adversary proceeding on July 30, 2025 by filing his Complaint (Dkt. No. 1, the "**Complaint**") against Tomeka LaShawn Quick (the "**Defendant**").

2.    The Trustee requests that the Clerk of this Court enter a default against the Defendant.

3.    On July 31, 2025, the Clerk of this Court issued a Summons in this adversary proceeding on the Defendant (Dkt. No. 2).  The Summons required the Defendant to file and serve a motion or answer to the Complaint within thirty days after the Summons was issued.

4.    The Trustee served the Defendant with process in accordance with Fed. R. Bankr. P. 7004(b)(1) by mailing a copy of the Summons, Complaint, and Order Regarding Adversary

Proceedings Trial Setting and Alternative Scheduling Order by first class mail and certified mail, return receipt requested, to the Defendant's dwelling house and usual place of abode on July 31, 2025. A true and correct copy of the Summons Service Executed for the Defendant was filed with this Court on July 31, 2025 (Docket No. 5). The deadline for the Defendant to file an answer or other responsive pleading was September 2, 2025 (*i.e.*, thirty days after issuance of the Summons on July 31, 2025).

5. The Defendant is not an infant or incompetent person.

6. The Defendant is not a member of the United States military.

7. As of the date of filing this Request, the Defendant has failed to plead or otherwise defend this adversary proceeding, and the time within which the Defendant was required to plead or otherwise defend has expired. Therefore, the Defendant is in default.

8. Debtor and Defendant both have an undivided 50% interest in the property located at 704 Short St., Saginaw, Texas 76179 (the "Subject Property"). The Debtor's undivided 50% interest in the Subject Property is property of the Debtor's bankruptcy estate. 11 U.S.C. 541(a)(1).

9. The Trustee's only causes of action are for (i) judgment declaring that the Trustee may sell the interest of the Debtor's bankruptcy estate and the interest of Defendant in the Subject Property and (ii) turnover of the Subject Property, as stated in the Complaint.

10. Pursuant to Fed. R. Civ. P. 55, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7055, the Trustee requests that the Clerk enter a default against the Defendant for failure to answer or otherwise appear in this adversary proceeding.

11. This Request is supported by the following:

    a. Declaration of Nicole M. Collins, which is attached hereto as Exhibit "A" and is fully incorporated herein; and

  b. Affidavit in Compliance with the Servicemembers Civil Relief Act for the Defendant, which is attached hereto as Exhibit "B" and is fully incorporated herein;

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Clerk enter a default against the Defendant for failure to answer or otherwise appear in this adversary proceeding.

    Respectfully submitted,

    QUILLING, SELANDER, LOWNDS
     WINSLETT & MOSER, P.C.
    2001 Bryan Street, Suite 1800
    Dallas, Texas 75201
    (214) 871-2100 (Telephone)
    (214) 871-2111 (Facsimile)

    By: */s/ Nicole M. Collins*
     Kenneth A. Hill
     Texas Bar No. 09646950
     Nicole M. Collins
     Texas Bar No. 24078459
    ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing of the same via first class mail postage prepaid upon the Defendant at:

Tomeka LaShawn Quick
704 Short St.
Saginaw, Texas 76179

    */s/ Nicole M. Collins*
    Nicole M. Collins

**Exhibit "A"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES EDWARD CARROLL, JR, | § | CASE NO. 25-40963-ELM-7 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| BEHROOZ P. VIDA, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. 25-04090-ELM |
| V. | § | |
| | § | |
| TOMEKA LASHAWN QUICK, | § | |
| Defendant. | § | |

**DECLARATION OF NICOLE M. COLLINS**

1. My name is Nicole M. Collins. I am an attorney admitted to practice in the State of Texas. I am also admitted to practice in this Court. I have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am an attorney employed by the law firm of Quilling, Selander, Lownds, Winslett & Moser, P.C., which represents Behrooz P. Vida (the "**Trustee**"), the Chapter 7 Trustee of the bankruptcy estate of Charles Edward Carroll, Jr. (the "**Debtor**"), in this adversary proceeding. I am the lead attorney representing the Trustee in this adversary proceeding.

3. The Trustee commenced this adversary proceeding on July 30, 2025 by filing his Complaint (Dkt. No. 1, the "**Complaint**") against Tomeka LaShawn Quick (the "**Defendant**").

**DECLARATION OF NICOLE M. COLLINS**                                         **PAGE 1**
8160472.1

4. On July 31, 2025, the Clerk of this Court issued a Summons in this adversary proceeding on the Defendant (Dkt. No. 2). The Summons required the Defendant to file and serve a motion or answer to the Complaint within thirty days after the Summons was issued.

5. I served the Defendant with process in accordance with Fed. R. Bankr. P. 7004(b)(1) by mailing a copy of the Summons, Complaint, and Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order by first class mail and certified mail, return receipt requested, to the Defendant's dwelling house and usual place of abode on July 31, 2025. A true and correct copy of the Summons Service Executed for the Defendant was filed with this Court on July 31, 2025 (Docket No. 5). The deadline for the Defendant to file an answer or other responsive pleading was September 2, 2025 (*i.e.*, thirty days after issuance of the Summons on July 31, 2025).

6. The Defendant is not an infant or incompetent person.

7. As of this date, neither I nor any other attorney with this firm has received any pleading or other response from the Defendant. As of this date, the ECF docket for this adversary proceeding does not reflect any pleading or other response from the Defendant.

8. I declare under penalty of perjury that the foregoing is true and correct. Executed on September 5, 2025.

                                             */s/ Nicole M. Collins*
                                             Nicole M. Collins



2300 N Street NW Suite 300-RLK
Washington, DC 20037
(202) 462-0600
www.ServicemembersCivilReliefAct.com
support@ServicemembersCivilReliefAct.com

**AFFIDAVIT IN COMPLIANCE WITH THE SERVICEMEMBERS CIVIL RELIEF ACT**

Tracking No. 202509044805
Active Duty Status Date: September 4, 2025

**District of Columbia, ss:**

My name is Kate B. Stupin and I am a Legal Assistant with the Servicemembers Civil Relief Act Centralized Verification Service at www.ServicemembersCivilReliefAct.com. I am more than eighteen (18) years of age, of sound mind, suffer from no legal or mental disabilities, and I am fully competent to testify to the matters stated herein.

Pursuant to the Servicemembers Civil Relief Act [50 USC 3911 et seq.], I further state that I have caused a careful investigation to be made to ascertain whether or not

# TOMEKA LASHAWN QUICK

is in Active Duty Status as to all Departments of the Department of Defense (Army, Navy, Marine Corps, Air Force, and Space Force) as well as the National Oceanic and Atmospheric Agency, Public Health Service, and Coast Guard, including information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty, and that as a result of said inquiry, affiant does hereby state that, based upon the information you have furnished, as of the Active Duty Status Date (referenced above), there is no information in the Department of Defense Manpower Data center that indicates that the individual is in Active Duty Status.

_Kate B. Stupin_

This multi-page document SUBSCRIBED AND SWORN to before me on September 4, 2025.

_Oscar A. Ticas_
NOTARY PUBLIC, D.C.

My Commission Expires: December 14, 2029

C1





EXHIBIT B

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This affidavit reflects status as of the Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact: at https://www.servicememberscivilreliefact.com/live/link/points-of-contact.php. If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. 50 USC Section 3951(c).

SCRA, Inc, a private company contractor trading as The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military care and other eligibility systems, updated only once per month, incorporated herein by this reference. This report reflects the following information: (1) the individual's Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty as of the Active Duty Status Date. Records do not predate September 30, 1985.

For security purposes, we do not give out sensitive information in our affidavits. The partial date of birth and Social Security Number listed on the DMDC Status Report is redacted per Fed. R. Civ. P. 5.2 and analogous State rules and privacy issues raised in Shadi Hayden v. The Retail Equation, Inc., USDC No. 8:20-cv-01203 (C.D. Cal.).

The attached two-page Status Report(s) issued by the DMDC is/are incorporated herein by this reference and form(s) the factual basis for this affidavit. If there are multiple Status Reports attached, it is because we found several individuals with similar information (such as variations of name (maiden versus married), different social security numbers of 2-3 individuals with the same name, varying dates of birth, etc.) and all individuals were verified.

The information provided does not constitute a Consumer Report as defined by the Federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq., ("FCRA") and may not be used to determine eligibility for credit, insurance, employment or used for any other purpose governed by the FCRA.

Important: You have to be diligent when complying with the SCRA, otherwise, there could be big repercussions. See https://www.servicememberscivilreliefact.com/blog/exercise-your-due-diligence/ for an important explanation.

Department of Defense Manpower Data Center

Results as of : Sep-04-2025 02:20:08 PM EDT

SCRA 5.26



## Status Report
### Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | Redacted* |
| Birth Date: | Redacted* |
| Last Name: | QUICK |
| First Name: | TOMEKA |
| Middle Name: | LASHAWN |
| Status As Of: | Sep-04-2025 |
| Certificate ID: | 63HRJKV4Q3805PQ |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

---

*Redacted by SCRACVS per Fed. R. Civ. P. 5.2 and analogous State rules and privacy issues raised in *Shadi Hayden v. The Retail Equation, Inc.*, USDC No. 8:20-cv-01203 (C.D. Cal.)

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.