Kenneth A. Hill
Nicole M. Collins
QUILLING, SELANDER, LOWNDS,
 WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES EDWARD CARROLL, JR, | § | CASE NO. 25-40963-ELM-7 |
| | § | |
| Debtor. | § | |
| _____ | § | |
| | § | |
| BEHROOZ P. VIDA, TRUSTEE, | § | |
|   Plaintiff, | § | |
| | § | ADVERSARY NO. 25-04090-ELM |
| V. | § | |
| | § | |
| TOMEKA LASHAWN QUICK, | § | |
|   Defendant. | § | |

## MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT COMBINED WITH BRIEF IN SUPPORT

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Behrooz P. Vida (the "**Trustee**"), the Chapter 7 Trustee for the bankruptcy estate of Charles Edward Carroll, Jr. (the "**Debtor**"), respectfully submits this *Motion for Entry of Final Default Judgment Combined with Brief in Support* and would respectfully show the Court as follows:

## I.  INTRODUCTION

1. This is a suit against Tomeka LaShawn Quick (the "**Defendant**") for judgment to sell the undivided 50% interest of the Debtor's bankruptcy estate and the 50% interest of Defendant in a single family-residence located at 704 Short St., Saginaw, Texas 76179 (the "**Subject Property**") and for Defendant's turnover of the Subject Property to effectively market and sell the Subject Property for the benefit of the Debtor's bankruptcy estate and the Defendant. The Defendant has not filed an answer or other appearance in the case. A clerk's entry of default was entered against the Defendant on September 5, 2025.

## II.  EVIDENCE

2. This Motion is supported by the undisputed facts established by the following:

   (a) the *Complaint* filed by the Trustee in this adversary proceeding against the Defendant (Dkt. No. 1, the "**Complaint**");

   (b) the *Clerk's Entry of Default* against the Defendant entered on September 5 2025, in this adversary proceeding (Dkt. No. 7) (the "**Clerk's Entry of Default**");

   (c) the CM/ECF docket sheet in this adversary proceeding;

   (d) the Declaration of Nicole M. Collins, which is attached as **Exhibit "A"** hereto and is fully incorporated herein (the "**Collins Decl.**");

   (e) the Declaration of Behrooz P. Vida, Chapter 7 Trustee, which is attached as **Exhibit "B"** hereto and is fully incorporated herein (the "**Trustee Decl.**"); and

   (f) the Affidavit in Compliance with the Servicemembers Civil Relief Act for the Defendant, which is attached as **Exhibit "C"** hereto and is fully incorporated herein (the "**SCRA Aff.**").

## III. FACTS AND PROCEDURAL HISTORY

3. On March 20, 2025, the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.[1] The Trustee was appointed as the Chapter 7 Trustee, and he continues to serve in that capacity.[2]

4. The Debtor's bankruptcy estate includes non-exempt real estate consisting of the Subject Property.[3]

5. The legal description of the Subject Property is:[4]

LOT 13, BLOCK 42, RANCHO NORTH ADDITION, UNIT 9, AN ADDITION TO THE CITY OF SAGINAW, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 388-127, PAGE 68, PLAT RECORDS, TARRANT COUNTY, TEXAS

6. The Debtor has not asserted any exemption in the Subject Property.[5]

7. The Subject Property is a single-family home and is property of the Debtor's estate and Defendant, both with undivided 50% interests in the Subject Property in fee simple.[6]

8. The Defendant's continued possession of the Subject Property impedes the Trustee's ability to sell the Subject Property for the benefit of the Debtor's bankruptcy estate.[7]

9. The Trustee commenced this adversary proceeding on July 30, 2025 by filing the Complaint against the Defendant.[8]

---

[1] Complaint ¶ 5; Trustee Decl. [Ex. "B"] ¶ 2.
[2] Complaint ¶ 5; Trustee Decl. [Ex. "B"] ¶ 2.
[3] Complaint ¶ 6; Trustee Decl. [Ex. "B"] ¶ 3.
[4] Complaint ¶ 6; Trustee Decl. [Ex. "B"] ¶ 4.
[5] Trustee Decl. [Ex. "B"] ¶ 5.
[6] Trustee Decl. [Ex. "B"] ¶ 5.
[7] Complaint ¶ 20; Trustee Decl. [Ex. "B"] ¶ 10.
[8] CM/ECF Docket Sheet; Collins Decl. [Ex. "A"] ¶ 3.

10. On July 31, 2025, the Clerk of this Court issued a Summons in this adversary proceeding on the Defendant (Dkt. No. 2).[9] The Summons required the Defendant to file and serve a motion or answer to the Complaint within thirty days after the Summons was issued.[10]

11. The Trustee served the Defendant with process in accordance with Fed. R. Bankr. P. 7004(b)(1) by mailing a copy of the Summons, Complaint, and Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order by first class mail and certified mail, return receipt requested, to the Defendant's dwelling house and usual place of abode on July 31, 2025.[11] A true and correct copy of the Summons Service Executed for the Defendant was filed with this Court on July 31, 2025 (Docket No. 5).[12] The deadline for the Defendant to file an answer or other responsive pleading was September 2, 2025 (*i.e.*, thirty days after issuance of the Summons on July 31, 2025).[13]

12. The Defendant is not an infant or incompetent person.[14]

13. The Defendant is not a member of the United States military.[15]

14. A Clerk's Entry of Default was entered against the Defendant on September 5, 2025 (Docket No. 7).[16] As set forth in that document, the Clerk of this Court confirmed that the Defendant failed to plead or otherwise defend this adversary proceeding and is in default.[17]

---

[9] CM/ECF Docket Sheet; Collins Decl. [Ex. "A"] ¶ 4.
[10] Collins Decl. [Ex. "A"] ¶ 4.
[11] Collins Decl. [Ex. "A"] ¶ 5.
[12] CM/ECF Docket Sheet; Collins Decl. [Ex. "A"] ¶ 5.
[13] Fed. R. Bankr. P. 7012(a); Collins Decl. [Ex. "A"] ¶ 5.
[14] Collins Decl. [Ex. "A"] ¶ 6.
[15] SCRA Aff. [Ex. "C"].
[16] CM/ECF Docket Sheet; Clerk's Entry of Default; Collins Decl. [Ex. "A"] ¶ 7.
[17] CM/ECF Docket Sheet; Clerk's Entry of Default; Collins Dec. [Ex. "A"] ¶ 7.

15. As of the date of filing this Motion, the Defendant has failed to plead or otherwise defend this adversary proceeding, and the time within which the Defendant was required to plead or otherwise defend has expired.[18] Therefore, the Defendant is in default.

16. Although the Defendant is not entitled to notice of this motion, the undersigned counsel is serving this motion on the Defendant by first class mail postage prepaid.

## IV. ARGUMENT AND AUTHORITIES

**A. No evidentiary hearing is necessary.**

17. A federal trial court may enter a final judgment by default. Fed. R. Civ. P. 55(b)(2). A trial court has discretion in determining the most appropriate method of taking evidence for a default judgment. *Id.* It is not necessary to hold an evidentiary hearing to take evidence in a default situation. *E.g., Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998). The use of sworn documents signed under penalty of perjury is a widely accepted method for taking evidence for a default judgment. *E.g., Hernandez v. Apple Auto Wholesalers of Waterbury LLC*, 460 F.Supp.3d 164 (D. Conn. 2020); *Chemtall Inc. v. Citi-Chem, Inc.*, 992 F.Supp. 1390, 1412 (S.D. Ga. 1998). A declaration under penalty of perjury has the same force and effect as a sworn affidavit. 28 U.S.C. § 1746. A trial court's ruling in a default situation without an evidentiary hearing is reviewed only for abuse of discretion. *Leedo*, 157 F.3d at 414.

18. In the case at bar, the Trustee has asserted causes of action against the Defendant for judgment declaring the Trustee may sell the Subject Property and turnover. All elements of these causes of action are proven by the Complaint, the Collins Decl., and the Trustee Decl. Thus, no evidentiary hearing is necessary to enter a final default judgment against the Defendant.

---

[18] Collins Decl. [Ex. "A"] ¶ 8.

**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT** PAGE 5
8160721.1

**B.** **The Trustee is entitled to judgment declaring the Trustee may sell the Subject Property.**

19. The Debtor's undivided 50% interest in the Subject Property is property of the Debtor's bankruptcy estate.[19] 11 U.S.C. § 541(a). Defendant owns an undivided 50% interest in the Subject Property.[20]

20. A partition in kind of the Subject Property between the Debtor's bankruptcy estate and Defendant is impracticable.[21]

21. A sale of the Debtor's bankruptcy estate's interest in the Subject Property would realize significantly less for the estate than sale of the Subject Property free of the interest of Defendant.[22]

22. The benefit to the Debtor's bankruptcy estate of a sale of the Subject Property free of the interest of Defendant outweighs the detriment, if any, to Defendant.[23]

23. The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.[24]

24. A judgment declaring that the Trustee may sell the interest of the Debtor's bankruptcy estate and the interest of the Defendant in the Subject Property is appropriate, justified, and proper as requested in the Complaint.

**C.** **The Trustee is entitled to judgment for turnover.**

25. With exceptions not relevant here, "an entity … in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of [Title 11], … shall deliver to the trustee … such property. 11 U.S.C. § 542(a).

---

[19] Complaint ¶ 17; Trustee Decl. [Ex. "B"] ¶ 5.
[20] Complaint ¶ 8; Trustee Decl. [Ex. "B"] ¶ 5.
[21] Complaint ¶ 13; Trustee Decl. [Ex. "B"] ¶ 6.
[22] Complaint ¶ 14; Trustee Decl. [Ex. "B"] ¶ 7.
[23] Complaint ¶ 15; Trustee Decl. [Ex. "B"] ¶ 8.
[24] Complaint ¶ 16; Trustee Decl. [Ex. "B"] ¶ 9.

26. The Trustee needs possession of the Subject Property to effectively market and sell it for the benefit of the Debtor's bankruptcy estate and the Defendant.[25]

27. Judgment against the Defendant is appropriate, justified, and proper compelling her to (a) permanently vacate the Subject Property immediately and turn over exclusive possession, custody, and control of the Subject Property to the Trustee immediately and (b) turn over all garage door openers, keys, and alarm codes for the Subject Property to the Trustee immediately.

## V. CONCLUSION

28. Pursuant to Fed. R. Civ. P. 55, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7055, the Trustee requests that the Court enter a default judgment against the Defendant for failure to answer or otherwise appear in this adversary proceeding.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter a final default judgment as follows:

    a. entering judgment declaring that the Trustee may sell the interest of the Debtor's bankruptcy estate and the interest of the Defendant in the Subject Property;

    b. compelling the Defendant to (i) permanently vacate the Subject Property immediately and turn over exclusive possession, custody, and control of the Subject Property to the Trustee immediately and (ii) turn over all garage door openers, keys, and alarm codes for the Subject Property to the Trustee immediately; and

    c. granting the Trustee other and further relief, at law or in equity, to which she may be justly entitled.

---

[25] Complaint ¶ 20; Trustee Decl. [Ex. "B"] ¶ 10.

Respectfully submitted,

**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)

By: */s/ Nicole M. Collins*
Kenneth A. Hill
Texas Bar No. 09646950
Nicole M. Collins
Texas Bar No. 24078459
ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing of the same via first class mail postage prepaid upon the Defendant at:

Tomeka LaShawn Quick
704 Short St.
Saginaw, Texas 76179

*/s/ Nicole M. Collins*
Nicole M. Collins

**Exhibit "A"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES EDWARD CARROLL, JR, | § | CASE NO. 25-40963-ELM-7 |
| | § | |
| Debtor. | § | |
| | § | |
| ———————————————— | § | |
| | § | |
| BEHROOZ P. VIDA, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. 25-04090-ELM |
| V. | § | |
| | § | |
| TOMEKA LASHAWN QUICK, | § | |
| Defendant. | § | |

**DECLARATION OF NICOLE M. COLLINS**

1. My name is Nicole M. Collins. I am an attorney admitted to practice in the State of Texas. I am also admitted to practice in this Court. I have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am an attorney employed by the law firm of Quilling, Selander, Lownds, Winslett & Moser, P.C., which represents Behrooz P. Vida (the "**Trustee**"), the Chapter 7 Trustee of the bankruptcy estate of Charles Edward Carroll, Jr. (the "**Debtor**"), in this adversary proceeding. I am the lead attorney representing the Trustee in this adversary proceeding.

3. The Trustee commenced this adversary proceeding on July 30, 2025 by filing his Complaint (Dkt. No. 1, the "**Complaint**") against Tomeka LaShawn Quick (the "**Defendant**").

4. On July 31, 2025, the Clerk of this Court issued a Summons in this adversary proceeding on the Defendant (Dkt. No. 2). The Summons required the Defendant to file and serve a motion or answer to the Complaint within thirty days after the Summons was issued.

5. I served the Defendant with process in accordance with Fed. R. Bankr. P. 7004(b)(1) by mailing a copy of the Summons, Complaint, and Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order by first class mail and certified mail, return receipt requested, to the Defendant's dwelling house and usual place of abode on July 31, 2025. A true and correct copy of the Summons Service Executed for the Defendant was filed with this Court on July 31, 2025 (Docket No. 5). The deadline for the Defendant to file an answer or other responsive pleading was September 2, 2025 (*i.e.*, thirty days after issuance of the Summons on July 31, 2025).

6. The Defendant is not an infant or incompetent person.

7. As of this date, neither I nor any other attorney with this firm has received any pleading or other response from the Defendant. As of this date, the ECF docket for this adversary proceeding does not reflect any pleading or other response from the Defendant.

8. I declare under penalty of perjury that the foregoing is true and correct. Executed on September 8, 2025.

                                             */s/ Nicole M. Collins*
                                             Nicole M. Collins

**Exhibit "B"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CHARLES EDWARD CARROLL, JR, | § § | CASE NO. 25-40963-ELM-7 |
| Debtor. | § § | |
| | § § | |
| BEHROOZ P. VIDA, TRUSTEE, | § | |
| Plaintiff, | § § | ADVERSARY NO. 25-04090-ELM |
| V. | § § | |
| TOMEKA LASHAWN QUICK, | § | |
| Defendant. | § | |

**DECLARATION OF BEHROOZ P. VIDA, CHAPTER 7 TRUSTEE**

1. My name is Behrooz P. Vida. I am the Chapter 7 Trustee of the estate of Charles Edward Carroll, Jr. (the "**Debtor**") in Case No. 25-40963-ELM-7 and the plaintiff in Adv. No. 25-04090-ELM against Tomeka LaShawn Quick (the "**Defendant**"). I have personal knowledge of the facts stated herein, and they are all true and correct.

2. On March 20, 2025, the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. I was appointed as the Chapter 7 Trustee, and I continue to serve in that capacity.

3. The Debtor's bankruptcy estate includes non-exempt real estate consisting of a single-family residence located at 704 Short St., Saginaw, Texas 76179 (the "**Subject Property**").

4. The legal description of the Subject Property is:



**DECLARATION OF BEHROOZ P. VIDA, CHAPTER 7 TRUSTEE**                                             Page 1

LOT 13, BLOCK 42, RANCHO NORTH ADDITION, UNIT 9, AN ADDITION TO THE CITY OF SAGINAW, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 388-127, PAGE 68, PLAT RECORDS, TARRANT COUNTY, TEXAS

5. The Subject Property is a single-family home and is property of the Debtor's estate and Defendant, both with undivided 50% interests in the Subject Property in fee simple. The Debtor has not asserted any exemption in the Subject Property.

6. A partition in kind of the Subject Property between the Debtor's bankruptcy estate and Defendant is impracticable.

7. A sale of the Debtor's bankruptcy estate's interest in the Subject Property would realize significantly less for the estate than sale of the Subject Property free of the interest of Defendant.

8. The benefit to the Debtor's bankruptcy estate of a sale of the Subject Property free of the interest of Defendant outweighs the detriment, if any, to Defendant.

9. The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

10. The Defendant's continued possession of the Subject Property impedes my ability to sell the Subject Property for the benefit of the Debtor's bankruptcy estate.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2025.

_____
Behrooz P. Vida, Chapter 7
Trustee for Charles Edward Carroll, Jr.

**DECLARATION OF BEHROOZ P. VIDA, CHAPTER 7 TRUSTEE**        Page 2

Exhibit "C"



2300 N Street NW Suite 300-RLK
Washington, DC 20037
(202) 462-0600
www.ServicemembersCivilReliefAct.com
support@ServicemembersCivilReliefAct.com

# AFFIDAVIT IN COMPLIANCE WITH THE SERVICEMEMBERS CIVIL RELIEF ACT

**Tracking No. 202509044805**
**Active Duty Status Date: September 4, 2025**

**District of Columbia, ss:**

My name is Kate B. Stupin and I am a Legal Assistant with the Servicemembers Civil Relief Act Centralized Verification Service at www.ServicemembersCivilReliefAct.com. I am more than eighteen (18) years of age, of sound mind, suffer from no legal or mental disabilities, and I am fully competent to testify to the matters stated herein.

Pursuant to the Servicemembers Civil Relief Act [50 USC 3911 et seq.], I further state that I have caused a careful investigation to be made to ascertain whether or not

# TOMEKA LASHAWN QUICK

is in Active Duty Status as to all Departments of the Department of Defense (Army, Navy, Marine Corps, Air Force, and Space Force) as well as the National Oceanic and Atmospheric Agency, Public Health Service, and Coast Guard, including information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty, and that as a result of said inquiry, affiant does hereby state that, based upon the information you have furnished, as of the Active Duty Status Date (referenced above), there is no information in the Department of Defense Manpower Data center that indicates that the individual is in Active Duty Status.

Kate B. Stupin

This multi-page document SUBSCRIBED AND SWORN to before me on September 4, 2025.

My Commission Expires: December 14, 2029

Oscar A. Ticas
NOTARY PUBLIC, D.C.



C1

1

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This affidavit reflects status as of the Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact: at https://www.servicememberscivilreliefact.com/live/link/points-of-contact.php. If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. 50 USC Section 3951(c).

SCRA, Inc, a private company contractor trading as The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military care and other eligibility systems, updated only once per month, incorporated herein by this reference. This report reflects the following information: (1) the individual's Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty as of the Active Duty Status Date. Records do not predate September 30, 1985.

For security purposes, we do not give out sensitive information in our affidavits. The partial date of birth and Social Security Number listed on the DMDC Status Report is redacted per Fed. R. Civ. P. 5.2 and analogous State rules and privacy issues raised in Shadi Hayden v. The Retail Equation, Inc., USDC No. 8:20-cv-01203 (C.D. Cal.).

The attached two-page Status Report(s) issued by the DMDC is/are incorporated herein by this reference and form(s) the factual basis for this affidavit. If there are multiple Status Reports attached, it is because we found several individuals with similar information (such as variations of name (maiden versus married), different social security numbers of 2-3 individuals with the same name, varying dates of birth, etc.) and all individuals were verified.

The information provided does not constitute a Consumer Report as defined by the Federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq., ("FCRA") and may not be used to determine eligibility for credit, insurance, employment or used for any other purpose governed by the FCRA.

Important:  You have to be diligent when complying with the SCRA, otherwise, there could be big repercussions.  See https://www.servicememberscivilreliefact.com/blog/exercise-your-due-diligence/ for an important explanation.

2

Department of Defense Manpower Data Center

Results as of : Sep-04-2025 02:20:08 PM EDT

SCRA 5.26



## Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | Redacted* |
| Birth Date: | Redacted* |
| Last Name: | QUICK |
| First Name: | TOMEKA |
| Middle Name: | LASHAWN |
| Status As Of: | Sep-04-2025 |
| Certificate ID: | 63HRJKV4Q3805PQ |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Redacted by SCRACVS per Fed. R. Civ. P. 5.2 and analogous State rules and privacy issues raised in *Shadi Hayden v. The Retail Equation, Inc.*, USDC No. 8:20-cv-01203 (C.D. Cal.)

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.